CIACCIO, Judge.
Plaintiffs in these consolidated cases have appealed from a trial court judgment dismissing their respective suits. We affirm.
Plaintiff, Sandra Zahn Oreck, leased from defendant partnership, The French Eighth, certain premises which she operated as an art gallery. On August 5, 1981, the roof of these premises failed under the burden of a heavy rainstorm. Mr. Oreck *36 alleged that as a result of the leaking roof works of art and furnishings of the gallery were damaged and/or destroyed.
Plaintiff, St. Paul Fire and Marine Insurance Company, insured Ms. Oreck’s gallery against some of the loss. St. Paul paid Ms. Oreck under the policy for a part of her alleged damages, and received subrogation rights to that portion of Ms. Oreck’s claim. In separate actions, consolidated for trial, Ms. Oreck and St. Paul sued The French Eighth and its managing partner to recover for the alleged damages. Defendants filed a third-party demand against the contractor who had previously repaired the roof.
■ Plaintiffs argued for defendants’ liability under La.C.C. Art. 2695 which provides:
Art. 2695. Lessor’s liability for damages from vices and defects
The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent it being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same.
Defendants argue their non-liability under La.R.S. 9:3221 and a passage in the lease which provides:
“Lessee assumes responsibility for the condition of the premises and lessor will not be responsible for damage caused by leaks in the roof ... or by any vices or defects of the leased property, or the consequences thereof, except in the case of positive neglect or failure to take action toward the remedying of such defects within reasonable time after having received written notice from lessee of such defects and the damage caused thereby. Should lessee fail to promptly so notify lessor, in writing of any such defects, lessee will become responsible for any damage resulting to lessor or other parties.”
La.R.S. 9:3221 provides:
The owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.
The Louisiana Supreme Court considered a similar situation in Tassin v. Slidell Mini-Storage, Inc., 396 So.2d 1261 (La.1981). The lease in that case contained a similar clause whereby the lessors sought to shift liability- for water damage to the lessees. The court, after quoting La.C.C. Art. 2695, stated:
Nonetheless, the owner can shift responsibility for condition of the premises including liability for injury caused by any defect therein to the lessee pursuant to La.R.S. 9:3221.
However, the codal articles and statutes defining the rights and obligations of lessors and lessees are not prohibitory laws which are unalterable by contractual agreement, but are simply intended to regulate the relationship between lessor and lessee when there is no contractual stipulation imposed in the lease. General Leasing Co. v. Leda Towing Co., Inc., 286 So.2d 802 (La.App. 4th Cir.1973), cert. denied, 290 So.2d 334 (La.1974). All things that are not forbidden by law may become the subject of or the motive for contracts and, when legally entered into, the contracts have the effect of law between the parties who have made them. La.Civ.Code arts. 1764, 1901. Our jurisprudence is that the usual warranties and obligations imposed under the codal articles and statutes dealing with lease may be waived or otherwise provided for by contractual agreement of the parties as long as such waiver or renunciation does not affect the rights of others and is not contrary *37 to the public good. Louisiana National Leasing Co. v. A.D.F. Service, Inc., 377 So.2d 92 (La.1979); Klein v. Young, 163 La. 59, 111 So. 495 (1926); General Leasing Co. v. Leda Towing Co., Inc., supra. We must therefore determine if the warehouse agreements in the instant case containing the exculpating clauses effectively relieved owners/lessors of liability to plaintiffs imposed under Louisiana lease law for damages to plaintiffs, goods stored on the leased premises.
After considering the particular facts which gave rise to the plaintiffs’ damages the court determined:
that the clause in each lease agreement clearly and unambiguously transferred liability of the owners/lessors for loss caused by water to property stored on the premises to the lessees including water loss caused by a vice or defect in the premises. The lessees assumed this responsibility by freely entering into the warehouse agreements, thereby dispensing with the implied warranty in their favor established by La.Civ.Code art. 2695.
We, too, consider that the clause in the lease in this case clearly and unambiguously transferred liability of the lessors to the lessee “for damage caused by leaks in the roof ... or by any vices or defects of the leased property or the consequences thereof, except in the case of positive neglect or failure to take action toward the remedying of such defects within reasonable time after having received written notice from lessee of such defects and the damage caused thereby.”
The trial judge in Tassin v. Slidell Mini-Storage, Inc., supra, found that the lessors knew or should have known of the defects and the damage that might be caused because of the defects. He, therefore, held the lessors liable. The Supreme Court ruled:
Under the circumstances, even though the lessees assumed responsibility for water damage caused by a vice or defect in the premises, La.R.S. 9:3221 did not relieve the owners/lessors of the responsibility imposed on them by La.Civ.Code art. 2695 because they should have known of the defects in the premises. This is the conclusion reached by the trial judge. We are unable to say that it is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In this case the trial judge found that “The plaintiff failed to show ‘positive neglect,’ ‘Failure to take action after written notice’ or that the defendants ‘knew or should have known of the defect in the premises’.” We conducted a thorough review of the complete record, and we cannot say that these conclusions by the trial judge are clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Tassin v. Slidell Mini-Storage, Inc., supra.
Accordingly, the judgment of the trial court is affirmed. All costs are to be paid by plaintiffs/appellants.
AFFIRMED.